IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEWAYNE TODD CANNADY, | CV 14-00028-GF-BMM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MARTIN FRINK, THERESA SCHNEE, CHRISTOPHER ROST, and CORRECTIONS CORPORATION OF AMERICA, | |
| Defendants. | |

Plaintiff DeWayne Cannady, is a former prisoner proceeding without counsel and in forma pauperis. Mr. Cannady filed a "Notice of Objection, Notice of Right to Challenge, and Motion for 90 Day Stay of Proceedings" which has been construed as a motion for remand. (Doc. 18.) The motion should be denied.[1]

Mr. Cannady argues this case should be returned to state court because it

---

[1]The Ninth Circuit has not addressed the issue of whether motions to remand should be treated as dispositive motions. The Second, Third, Sixth and Tenth Circuits, however, have treated them as dispositive. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3rd Cir. 1998); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000); *Vogel v. U.S. Office Products* Co., 258 F.3d 509 (6th Cir. 2001); Williams *v. Beemiller, Inc.*, 527 F.3d 259, 265–66 (2nd Cir. 2008) (collecting cases). As such, the undersigned will treat the motion as dispositive and issues these Findings and Recommendations.

1

deals predominantly with issues of state law and state policy, a province best presided over by a state court of proper jurisdiction. (Objection, Doc. 18 at 1.) But that is not the test for whether a case can be removed to federal court. 28 U.S.C. § 1441(a) authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Mr. Cannady alleges in his Complaint that Defendants' actions amounted to cruel and unusual punishment as defined by the Eighth and Fourteenth Amendments of the United States Constitution. (Complaint, Doc. 8.) This is sufficient to state a claim arising under the United States Constitution. The Court has already determined that the Complaint alleges a violation under 42 U.S.C. § 1983 and that the Court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a) and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. (Order dated May 6, 2014, Doc. 15.) Because this Court has original jurisdiction over claims brought pursuant to § 1983, the case was properly removed to federal court upon Defendants' motion. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1331.

There is no need to grant Mr. Cannady additional time to file a brief in

support of his request to remand this matter to state court.  Jurisdiction is clearly proper in this Court and additional time will only serve to delay this matter further.

Mr. Cannady is still using the state court caption on his filings and in his April 30, 2014 letter to the Clerk of Court (Doc. 18-2), he indicates there has been "no official notice of a change of venue."  Pursuant to 28 U.S.C. § 1446(d), removal to federal court is effective upon the filing of the notice of removal and giving notice to the parties and to the state court.  At that point "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  Unless this case is remanded, nothing further should be filed in the state court.  This case is pending in this Court only.

It is **RECOMMENDED:**

Mr. Cannady's Notice of Objection, Notice of Right to Challenge and Motion for 90 day Stay of Proceedings" (Doc. 18) as construed as a Motion for Remand should be denied.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 27th day of May, 2014.


_/s/ Keith Strong_
Keith Strong
United States Magistrate Judge

---

[2]As this deadline allows a party to act after the Findings and
Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three
(3) days are added after the period would otherwise expire.