IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEWAYNE TODD CANNADY, <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN FRINK, THERESA SCHNEE, CHRISTOPHER ROST, and CORRECTIONS CORPORATION OF AMERCA, <br><br> Defendants. | CV 14-28-GF-BMM <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff DeWayne Todd Cannady (Cannady), a former prisoner proceeding *pro se*, filed the complaint in this case against Defendants Martin Frink, Theresa Schnee, Christopher Rost, and Corrections Corporation of America (collectively Defendants) in the Ninth Judicial District of Montana, Toole County on February 22, 2013. (Doc. 7 at 1.) Three of the Defendants, Corrections Corporation of America, Theresa Schnee, and Martin Frink, with the consent of the remaining Defendant, removed the case on April 17, 2014, based upon federal question jurisdiction. 28 U.S.C. § 1331; (doc. 1).

Cannady filed a document captioned "Notice of Objection, Notice of Right to Challenge and Motion for 90 day Stay of Proceedings" on May 15, 2014. (Doc.

1

18.) Defendants responded on May 22, 2014, and characterized Cannady's May 15, 2014, "notice [a]s a motion to remand to state court." (Doc. 20 at 3.) As Cannady filed this case a prisoner proceeding *pro se*, Local Rules referred the case to a United States magistrate judge for all pretrial purposes. LOCAL R. 72.2(a)(1).

Judge Strong entered findings and recommendations on May 27, 2014. (Doc. 22.) Judge Strong construed Cannady's May 22, 2014, notice as a motion for remand. (Doc. 22 at 1.) Judge Strong recommended that the Court deny Cannady's motion for remand because Cannady has alleged "violation[s] under 42 U.S.C. § 1983," and has alleged that "Defendants' actions amounted to cruel and unusual punishment as defined by the Eighth and Fourteenth Amendments of the United States Constitution." (Doc. 22 at 2.) Judge Strong determined that "the case was properly removed to federal court." (Doc. 22 at 2.)

Cannady failed to object in a timely fashion to Judge Strong's Findings and Recommendations, and, therefore, has waived the right to review de novo of the record. 28 U.S.C. § 636(b)(1). The Court instead will review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong stated correctly the standards applicable to whether a party may remove a case from state court to federal court. (Doc. 22 at 2.) Judge Strong analyzed Cannady's claims under those standards. (Doc. 22 at 2.) Judge Strong concluded that removal to federal court had been proper due to the federal question that Cannady had alleged, and that remand to the Ninth Judicial District of Montana, Toole County, would be inappropriate. (Doc. 22 at 2-3.) No clear error exists in Judge Strong's findings or recommendations. Therefore,

**IT IS ORDERED,**

1. Cannady's "Notice of Objection, Notice of Right to Challenge and Motion for 90 day Stay of Proceedings" as construed as a motion to remand (Doc. 18) is **DENIED**;

Dated the 17th day of June, 2014.

_____
Brian Morris
United States District Court Judge