IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEWAYNE TODD CANNADY,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN FRINK, THERESA SCHNEE, CHRISTOPHER ROST, and CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendants. | CV 14-00028-GF-BMM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Mr. Cannady alleges he injured his right knee when he slipped on ice while unloading a delivery truck as part of his work assignment while incarcerated at Crossroads Correctional Center. He alleges Defendants were negligent and deliberately indifferent to his serious medical needs when they allowed him to work in such conditions and failed to treat his injury. He has brought claims under Montana law and the Eighth and Fourteenth Amendments to the United States Constitution. (Complaint, Doc. 8.).

Defendants Frink, Schnee, and Corrections Corporation of America (hereinafter "Crossroads Defendants") filed a motion for summary judgment based

1

upon Mr. Cannady's failure to exhaust administrative remedies. (Doc. 28.) Mr. Cannady did not respond to the motion. The Crossroads Defendants have adequately demonstrated that they are entitled to summary judgment. The motion should be granted.

## JURISDICTION

Mr. Cannady filed this action in Montana's Ninth Judicial District Court in Toole County, Montana on February 21, 2013. (Complaint, Doc. 8.) It was removed to this Court by Defendants Frink, Schnee, and Corrections Corporation of America on April 17, 2014. (Notice of Removal, Doc. 1.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed.R.Civ.P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Complaint alleges a violation under 42 U.S.C. § 1983. Accordingly, this Court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a) and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The case was assigned to Hon. Brian M. Morris, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1). (Doc. 26.)

## STATUS

The case was removed from state court by Defendants Frink, Schnee, and Corrections Corporation of America on April 17, 2014. (Doc. 1.) On May 15,

2014, Mr. Cannady filed a Notice of Change of address indicating he had been released from prison. (Doc. 17.) He also moved to remand the case to state court. (Doc. 17.) That motion was denied because Mr. Cannady had alleged claims under the United States Constitution, invoking this Court's subject matter jurisdiction. (June 17, 2014 Order, Doc. 25.) On July 1, 2014, Defendants Frink, Schnee, and Corrections Corporation of America filed a Motion for Summary Judgment based upon Mr. Cannady's alleged failure to exhaust administrative remedies at the prison. (Doc. 28.) Mr. Cannady did not respond to the motion.

## STANDARDS

**Motions for Summary Judgment**

The court shall grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id.* On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id.* at 159. Filings by pro se litigants are entitled to special

deference, and are not held to the standards of attorneys. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The materiality determination rests on substantive law. *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Mr. Cannady has not responded to Defendants' motion but the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule" and must "analyze the record to determine whether any disputed material fact [is] present." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).

**Prison Litigation Reform Act Exhaustion**

The Prison Litigation Reform Act's exhaustion requirement states:

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must

4

"complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741.

## FACTUAL ALLEGATIONS[1]

Mr. Cannady slipped and fell on the ice between a delivery truck and a rear entrance door to Crossroads Correctional Center on November 8, 2012. He injured his right knee when he fell. Mr. Cannady alleges Defendants were all aware of his injury and refused to provide proper and effective medical care required to fix the extreme damage in his right knee. (Complaint, Doc. 8 at 4.)

## UNDISPUTED FACTS[2]

The administrative grievance procedure at Crossroads Correctional Center (hereinafter Crossroads) is Montana State Prison (MSP) Procedure 3.3.3.

---

[1]There are three Complaints in the record which are identical except for the signature date. *See* Doc. 8–"Notice of Complaint" dated February 5, 2013; Doc. 9–"Notice of Complaint dated August 26, 2013; and Doc. 7-1–"Notice of Complaint" dated March 10, 2014. All references herein will be to the original Complaint filed on February 5, 2013–Doc. 8.

[2]The facts listed herein are taken from Defendants' Statement of Undisputed Facts. Mr. Cannady did not respond to the motion and did not file a Statement of Disputed Facts as required by Local Rule 56.1. "Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute." L.R. 56.1.

(Crossroads' Undisputed Facts, Doc. 30 at 3, ¶ 6.) The issues Mr. Cannady raises in his Complaint regarding alleged inadequate health care are among the "grievable issues" specifically included in the scope of issues that must be properly grieved prior to filing a court action. (Crossroads' Undisputed Facts, Doc. 30 at 3, ¶ 7.) In order to exhaust the grievance process at Crossroads, an inmate is required to submit an *Inmate/Offender Informal Resolution Form* within five working days of the event complained of. (Crossroads' Undisputed Facts, Doc. 30 at 3-4, ¶ 8.) If the inmate is not satisfied with the informal resolution process and wants to exhaust administrative remedies, he must file a formal grievance within five days of the response to his informal resolution procedure. (Crossroads' Undisputed Facts, Doc. 30 at 4, ¶ 9.) If the inmate is not satisfied with the response to his formal grievance, he must appeal the grievance decision by submitting an *Inmate/Offender Grievance Appeal to Warden/Administrator Form* within five days of the response to the inmate's formal grievance. (Crossroads' Undisputed Facts, Doc. 30 at 4, ¶ 10.) If the inmate is still unsatisfied at that stage of the process, he must appeal the Warden's decision to the Montana Department of Corrections (MDOC) Director by submitting an *Inmate/Offender Grievance Appeal to Corrections Director* form. (Crossroads' Undisputed Facts, Doc. 30 at 4, ¶ 10.) The MDOC Director's "response is final, and exhausts all administrative

remedies available to the inmate through the inmate grievance program." (Doc. 30–Crossroads' Undisputed Facts at 4-5, ¶ 10.)

MSP Procedure 3.3.3 further states, "[ijf an inmate fails to advance to the next level of the grievance program within the stated time limit, he will be considered to have forfeited the opportunity to exhaust his administrative remedies under the inmate grievance program." (Crossroads' Undisputed Facts, Doc. 30 at 5, ¶ 12.)

The Crossroads Defendants produced a copy of Mr. Cannady's complete grievance file. (Crossroads' Undisputed Facts, Doc. 30 at 5, ¶ 13.) The only grievance Mr. Cannady filed after the November 8, 2012 injury is an *Inmate/Offender Informal Resolution Form* submitted on November 12, 2012. (Crossroads' Undisputed Facts, Doc. 30 at 6, ¶ 16.) In that form, Mr. Cannady requested a knee brace and unspecified treatment to alleviate pain and injury. (Crossroads' Undisputed Facts, Doc. 30 at 6, ¶ 16.) Mr. Cannady's informal grievance was denied on December 21, 2012. (Crossroads' Undisputed Facts, Doc. 30 at 7, ¶ 16.) On the form, Mr. Cannady was advised that he had the right to grieve the response given. (Crossroads' Undisputed Facts, Doc. 30 at 7, ¶ 16.) Mr. Cannady did not submit a formal grievance, an appeal to the warden, or an appeal to the MDOC Director regarding the allegations in his Complaint. (Crossroads'

Undisputed Facts, Doc. 30 at 7, ¶ 17.)

## ANALYSIS

The Crossroads Defendants argue Mr. Cannady failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act. It is undisputed that Crossroads Correctional Center followed the grievance procedure set forth in MSP Procedure 3.3.3. It is also undisputed that Mr. Cannady failed to comply with that policy because he did not submit a formal grievance, an appeal to the Warden, or an appeal to the MDOC Director related to the allegations in his Complaint.

It is undisputed that Mr. Cannady did not properly exhaust the available administrative remedies for his claims. The Crossroads Defendants' Motion for Summary Judgment should be granted.

It is **RECOMMENDED:**

Defendants Frink, Schnee, and Corrections Corporation of America's Motion for Summary Judgment (Doc. 28) should be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of August, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.