# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DEWAYNE TODD CANNADY,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ROST,<br><br>Defendant. | CV 14-00028-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

United States Magistrate Judge John Johnston entered Findings and Recommendation in this matter on March 18, 2015. (Doc. 47). Plaintiff Dewayne Todd Cannady filed no objections. When a party makes no objections, the Court need not review *de novo* the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Business Machines Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981).

Cannady initially filed this complaint as a prisoner proceeding pro se in the Montana Ninth Judicial District Court on February 22, 2013. (Doc. 8). Cannady's claims are based on an injury he sustained while incarcerated and on the alleged insufficient medical treatment he received for that injury. *Id*. Cannady commenced this action against Martin Frink, Theresa Schnee, Christopher Rost, and

1

Corrections Corporation of America ("CCA"). CCA, Schnee and Frink properly removed the case to this Court on April 17, 2014. (Doc 1). The Court granted CCA's motion to dismiss for failure to exhaust administrative remedies on October 28, 2014. (Doc. 37).

Defendant Christopher Rost moved for summary judgment on January 9, 2015. (Doc. 40). Rost informed the Court that Cannady had failed to respond to discovery requests and Rost's efforts to contact Cannady regarding the motion for summary judgment. (Doc. 44). Rost filed the required notice and warning that advised Cannady of the consequences for failure to respond to the motion. (Doc. 45). Cannady failed to respond to Rost's motion. The Court issued an order that required Cannady to show cause why the case should not be recommended for dismissal with prejudice for failure to prosecute on January 12, 2015. (Doc. 46).

Judge Johnston recommends that the Court dismiss with prejudice Gate's complaint against Rost for failure to prosecute. (Doc. 47). The Court finds no clear error in Judge Johnston's Findings and Recommendations. The Court adopts the Findings and Recommendations in full.

The Court possesses the ability to sua sponte dismiss a case for failure to prosecute and for failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); Fed. R. Civ. P. 41(b); *Ferdik v. Bonzetlet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Although dismissal is a harsh penalty and should

be imposed as a sanction in only extreme circumstances, dismissal is appropriate in this case given Cannady's repeated failure to participate in litigation, and respond to Rost's filings and to the Court's orders. *Henderson*, 779 F.2d at 1423.

The Court evaluated the factors dispositive of dismissal against the circumstances of this case. *See Pagatlunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdick*, 963 F.2d at 1260-61). The Court concludes that based on the public's interest in the expeditious resolution of litigation, the Court's need to manage its own docket, the prejudice faced by the defendant, and the limited availability of less drastic alternatives overwhelms the public policy favoring disposition of cases on their merits. *Id*. Cannday failed to respond to Rost's discovery requests. Cannday failed to respond to Rost's motion for summary judgment. Cannady failed to comply with the Court's February 12, 2015, show cause order. Cannady also elected not to timely file objections to Judge Johnston's findings and recommendations. It appears that Cannady has no intention of participating in the litigation of this case or complying with this Court's orders.

**IT IS HEREBY ORDERED**:

1. Judge Johnston's Findings and Recommendations (Doc. 47) is ADOPTED IN FULL.

2. Plaintiff Dewayne Todd Cannady's Complaint (Doc. 8) is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b).

2. The Clerk of Court shall close this matter, enter judgment pursuant to Fed. R. Civ. P. 58, and terminate all pending motions.

3. The Clerk of Court also shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision will not be taken in good faith.

DATED this 9th day of April, 2015.

Brian Morris
United States District Court Judge